# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

LORENZO WOOD, JR.,

            Plaintiff,

      -vs-                                             Case No. 13-CV-281

PATRICIA BILLINGS, SUE NEIL,
MARK BENDER, and SUE NYGREN,

            Defendants.

## SCREENING ORDER

      The plaintiff, a Wisconsin state prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*. He has been assessed and paid an initial partial filing fee of $13.78.[1]

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such

---

[1] On June 17, 2013, the court dismissed this case without prejudice for failure to prosecute based on the plaintiff's failure to pay the initial partial filing fee. However, the fee had been received on March 26, 2013, but not recorded as received. Thus, the court will reopen the case.

relief.  28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass."  *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).  To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face."  *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

2

reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff is incarcerated at Racine Correctional Institution ("RCI"). The defendants are Registered Nurses Patricia Billings and Sue Neil; Physician Assistant Mark Bender; and Health Services Unit Manager Sue Nygren.

3

According to the complaint, on January 27, 2011, the plaintiff had a "scope" performed on his knee at Waupun Memorial Hospital. Dr. Grossman discharged him with aftercare instructions, which included a daily wound cleaning and bandage change, and the plaintiff returned to RCI. However, the plaintiff was not seen for aftercare for fourteen days, until February 10, 2011. The defendants ignored his requests to be seen and the plaintiff suffered constant, severe pain. His knee became severely infected and he had to have emergency surgery at Waupun Memorial Hospital on February 16, 2011, and a second surgery on February 18, 2011. He was in the hospital for ten days due to the infection and recovery from the surgeries. On February 26, 2011, he was transferred to Dodge Correctional Institution's infirmary ward for aftercare and recuperation, and remained there for about one month except for an overnight stay back at Waupun Memorial Hospital following high fever and delirium. The plaintiff transferred back to RCI on March 24, 2011, where he required a long period of recovery. He suffered great pain and a slow, agonizing healing process.

The plaintiff claims that the defendants were deliberately indifferent to his serious medical need in violation of the Eighth Amendment because they failed to provide adequate aftercare following his knee surgery. He seek monetary damages.

The court finds that the plaintiff may proceed on his claim under the Eighth Amendment.

**IT IS THEREFORE ORDERED** that the court's June 17, 2013, order

4

dismissing this case and judgment are **vacated**, and that this case be **reopened**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and hereby is **granted**.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of plaintiff's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on the state defendants.

**IT IS ALSO ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, the defendants shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $336.22 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>Honorable Rudolph T. Randa
>% Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is notified that from now on, he is required under Federal Rule of Civil Procedure 5(a) to send a copy of every paper or document filed with the court to the opposing party or, if the opposing party is represented by counsel, to counsel for that party. Fed. R. Civ. P. 5(b). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the opposing party or that party's attorney, if the party is represented by an attorney.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus

6

affecting the legal rights of the parties.

>Dated at Milwaukee, Wisconsin, this 1st day of July, 2013.

>>**SO ORDERED,**

>>_/s/ Rudolph T. Randa_
>>**HON. RUDOLPH T. RANDA**
>>**U. S. District Judge**