**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

LORENZO WOOD, JR.,

                Plaintiff,

      -vs-                                 Case No. 13-CV-281

PATRICIA BILLINGS, SUE NEIL,
MARK BENDER, and SUE NYGREN,

                Defendants.

## DECISION AND ORDER

The plaintiff, who is incarcerated at Racine Correctional Institution, filed this pro se action pursuant to 42 U.S.C. § 1983 and was granted leave to proceed *in forma pauperis* on an Eighth Amendment deliberate indifference to a serious medical need claim. The plaintiff has filed a motion to amend the complaint, which will be addressed herein.

The plaintiff seeks to amend the complaint to add several claims and four new defendants. He asserts that a paralegal assisted him with the proposed amended complaint, and that the pleading answers questions asked by the defendants in the papers they have filed and clearly identifies claims not well-articulated by the jailhouse lawyer who assisted him with the original complaint. The defendants did not file a response to the motion.

Leave to amend a pleading should be freely given "when justice so requires." *See* Fed. R. Civ. P. 15(a)(2). The decision on whether to allow the amendment is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for

denying a motion to amend include "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Id.*

The proposed amended complaint restates allegations against defendants Billings, Neil, and Bender and sets forth how those defendants' alleged failure to follow Dr. Grossman's medical instruction resulted in a severe knee infection which necessitated two surgeries causing the plaintiff significant pain and suffering. These allegations state an Eight Amendment deliberate indifference to a serious medical need claim. The plaintiff also seeks to add a medical malpractice claim against defendant Billings. The Court declines to exercise supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367(c)(2).

The plaintiff fails to state a deliberate indifference claim against the remaining defendants because the allegations are based on these defendants' supervisory positions and there is no supervisory liability under 42 U.S.C. § 1983. *See T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010); *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). Section 1983 makes public employees liable "for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009); *see George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

Next, the plaintiff claims that defendants Billings, Bender, Neil, Apple, Nygren, and Paquin conspired to hide the truth of what happened to the plaintiff in that they

2

created unreasonable delays to his receipt of medical treatment. However, as indicated, the plaintiff does not allege that defendants Apple, Nygren, and Paquin had any personal involvement during the relevant time period. Rather, their alleged involvement began in April 2011, after the plaintiff had recovered sufficiently from his second surgery to commence the administrative grievance process. Thus, the plaintiff may not proceed against defendants Apple, Nygren, and Paquin on any delay or conspiracy claims. With respect to defendant Billings, Bender, and Neil, the plaintiff's allegations that they delayed his treatment are part of his deliberate indifference claim.

Lastly, the plaintiff claims that defendants Padgett, Nygren, Burnett, Apple, and Paquin undermined his access to the court by denying him his right to exhaust administrative remedies. The court notes that on September 6, 2013, defendants Billings, Neil, and Nygren filed a motion for summary judgment for failure to exhaust administrative remedies. The plaintiff's detailed explanation in the proposed amended complaint of how he attempted to complete the exhaustion process may be in response to that motion. In any event, a constitutional claim based on denial of access is premature because the plaintiff has not alleged they prevented him from litigating a non-frivolous case. *See Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009).

In sum, the plaintiff's motion to amend the complaint will be granted and the proposed amended complaint will be the operative complaint in this action. The plaintiff may proceed on an Eighth Amendment deliberate indifference to a serious medical need

3

claim against defendants Billings, Neil, and Bender in their individual capacities. The Court declines to accept jurisdiction over plaintiff's medical malpractice claim. As set forth herein, the remaining claims and defendants will be dismissed.

The court will deny without prejudice the defendants' motions for summary judgment. Once the defendants have answered the amended complaint, the court will issue a Scheduling Order setting deadlines for the completion of discovery and filing dispositive motions.

**IT IS THEREFORE ORDERED** that the plaintiff's motion to amend the complaint (Docket # 26) is **granted as set forth herein**. The proposed amended complaint is the operative complaint in this action. The plaintiff may proceed on an Eighth Amendment claim against defendants Billings, Neil, and Bender. The Court declines to accept jurisdiction over plaintiff's medical malpractice claim. The remaining claims and defendants are dismissed.

**IT IS FURTHER ORDERED** that the defendants file a responsive pleading to the amended complaint.

**IT IS FURTHER ORDERED** that defendants Billings, Neil, and Nygren's motion for summary judgment (Docket # 22) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that defendant Bender's motion for summary judgment (Docket # 28) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to stay discovery and responses (Docket # 32) is **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin, this 28th day of January, 2014.

**SO ORDERED,**

_____
**HON. RUDOLPH T. RANDA**
**U. S. District Judge**